Bryan L. Bleichner (CAL BAR # 220340)
Philip J. Krzeski (*Pro Hac Vice* forthcoming)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
*bbleichner@chesnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

Kevin M. Cox (*Pro Hac Vice* forthcoming)
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
kcox@thelyonfirm.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRINITY CAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>E MORTGAGE CAPITAL, INC., a California Corporation,<br><br>Defendant | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**<br><br>1. **FAILURE TO HONOR INTERNAL DO-NOT-CALL LIST REQUESTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Trinity Car ("Plaintiff") brings this Class Action Complaint, on behalf of her and all others similarly situated (the "Proposed Class") and the following cause of action against Defendant E Mortgage Capital, Inc. ("Emortgage" or "Defendant") alleging as follows:

## INTRODUCTION

1. This case involves a telemarketing campaign by Emortgage who sent text messages and made phone calls to market its services by contacting numbers repeatedly before 8:00 AM and after repeated requests from the recipients to be added to Defendant's Internal Do-Not-Call registry, a plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of these illegal calls, which include Plaintiff and the Proposed Class, are entitled to damages under the TCPA, and because telemarketing campaigns send text messages *en masse*, the appropriate vehicle for recovery is a class action lawsuit.

## PARTIES

**Plaintiff Trinity Car**

3. Plaintiff is an individual residing in Salt Lake County, Utah.

**Defendant E Mortgage Capital, Inc.**

4. Defendant E Mortgage Capital, Inc. is a domestic corporation organized and incorporated under the laws of the state of California. Defendant can be served via registered agent Joseph Shalaby at 18071 Fitch, Suite 200, Irvine, California 92614.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 47 U.S.C. § 227 *et seq.*, because Plaintiff and at least one member of the Proposed Class, as defined below, is a citizen of a different state than Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and because Plaintiff's TCPA claims raise a federal question of law.

6. Venue is proper under 28 U.S.C. § 1391(b) because Defendant' principal place of business is located at 18071 Fitch, Suite 200, Irvine, California 92614, and the events giving rise to Plaintiff's cause of action occurred in the United States District Court for the Central District of California.

## TCPA BACKGROUND

7. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. Lexis 3544, at *5 (2020).

8. Regulations implementing the TCPA require companies to maintain Internal Do-Not-Call Registries. 47 C.F.R. § 64.1200(d). Once a company receives a request from a consumer not to receive calls, the number must be placed on the company's Company-Specific Do-Not-Call List (the "Internal Do-Not-Call List") within a reasonable time, not to exceed thirty (30) days from the date of the request. *Id*. at § 64.1200(d)(3).

9. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. The provision that establishes a private right of action against an entity that violates the National Do-No-Call Registry restrictions provides that "[a] person who has received more than one telephone call within any twelve (12) month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages and injunctive relief. 47 U.S.C. § 227(c)(5) (emphasis added). Likewise, 47 C.F.R. § 64.1200(d)(3) provides that once a number is added to a company's Internal Do-Not-Call List, the company "on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request."

10. As explained by the Federal Communications Commission ("FCC"), the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CC Docket No. 92-90, Mem. Op. & Order, 10 FCC Rcd. 12391, 12937, ¶ 1

11. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See 1995 TCPA Reconsideration Order*; *Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling*, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

12. The FCC reaffirmed this in 2013, when it held that (a) a seller may, under principles of apparent authority, actual authority, and ratification, be liable for violations of § 227(c) by third parties, and (b) a seller may also be liable, under the express terms of § 227(c), for calls placed "on behalf of" the seller. *In re Joint Pet. filed by DISH Network LLC*, Declaratory Ruling, 28 FCC Rcd. 6574 (2013).

13. Industry data shows that the number of robocalls made each month increased form 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

14. According to the online robocall tracking service "YouMail," 4.5 billion robocalls were placed in July 2023 alone, at a rate of 145.5 million calls per day. [1]

15. The FCC has received an increased number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. [2]

16. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." [3]

17. "The FTC receives more complaints about unwanted calls than other Complaints combined." [4]

## FACTUAL ALLEGATIONS

18. Defendant Emortgage is "a full-service mortgage company that offers extensive options for home loans and refinancing solutions."[5]

---

[1] *See July 2023 Nationwide Robocall Data*, YouMail: Robocall Index, www.robocallindex.com (last visited Aug. 24, 2023).

[2] FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-helpcenter-data.

[3] Tom Wheeler, Cutting off Robocalls (July 22, 2016), statement of FCC chairman.

[4] Staff of the Federal Trade Commission's Bureau of Consumer Protection, In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016)

[5] https://www.emortgagecapital.com/how-it-works (last visited October 9, 2023).

19. Defendant calls and sends text messages to consumers in order to solicit business for its services.

20. Plaintiff has never utilized Defendant's services, nor has she ever had a prior business relationship with Defendant.

21. On or about September 20, 2023, Plaintiff received two calls from Emortgage at or around 7:30 a.m. in an attempt to sell her mortgage products, and in violation of the TCPA.

22. On or about September 21, 2023, Plaintiff received a call from Defendant at 8:17 a.m. attempting to sell Plaintiff mortgage products. Plaintiff immediately and explicitly requested to be added to Emortgage's Internal Do-Not-Call List, to which, the caller responded "okay," and hung up.

23. After making her first request to be added to Defendant's Internal Do-Not-Call list, Plaintiff received a second phone-call from Defendant at 12:21 p.m. on September 21, 2023, the same day as her request.

24. On or about September 22, 2023, at 7:30 a.m., Plaintiff received a call from Defendant, again in violation of the TCPA.

25. Plaintiff received a second call from Defendant at 9:35 a.m. on September 22, 2023.

26. On September 25, 2023, Plaintiff received a call from Defendant at 10:21 a.m.

27. Again, on September 25, 2023, Plaintiff received a text message from Defendant at 1:30 p.m., attempting to solicit business from Plaintiff. Plaintiff responded emphasizing that she had requested to be added to Defendant's Internal Do-Not-Call List and asked that Defendant honor her request.

28. By requesting to be added to Defendant's internal Do-Not-Call List, Plaintiff unequivocally withdrew any consent for Defendant to contact her.

29. However, even though Plaintiff made it clear that she did not wish to receive calls or texts from Defendant, Plaintiff continued receiving calls and text messages from Defendant to her residential and/or cellular line, each one trying to sell her on further services.

30. The following chart shows the calls and text messages that were placed to Plaintiff's personal phone line after she requested to be added to Defendant's internal do-not-call list:

| Date | Time | Calling Number | Type of Contact |
|---|---|---|---|
| September 21, 2023 | 12:21 pm | 949-828-6890 | Phone Call |
| September 22, 2023 | 7:30 am | 949-828-6890 | Phone Call |
| September 22, 2023 | 9:35 am | 949-828-6890 | Phone Call |
| September 25, 2023 | 10:21 am | 949-828-6890 | Phone Call |
| September 25, 2023 | 1:30 pm | 949-828-6890 | Text Message |
| September 25, 2023 | 2:12 pm | 949-828-6890 | Phone Call |

| Date | Time | Calling Number | Type of Contact |
|---|---|---|---|
| September 26, 2023 | 10:36 am | 949-828-6890 | Phone Call |
| September 26, 2023 | 12:08 pm | 949-828-6890 | Text Message |
| September 26, 2023 | 12:40 pm | 949-828-6890 | Phone Call |
| September 27, 2023 | 10:52 am | 949-828-6890 | Text Message |
| September 27, 2023 | 11:44 am | 949-828-6890 | Phone Call |
| October 2, 2023 | 11:53 am | 949-828-6890 | Phone Call |
| October 2, 2023 | 3:12 pm | 949-828-6890 | 2 Text Messages |
| October 3, 2023 | 12:41 pm | 949-828-6890 | Text Message |
| October 4, 2023 | 1:09 pm | 949-828-6890 | Text Message |
| October 10, 2023 | 2:26 pm | 949-828-6890 | Text Message |
| October 11, 2023 | 7:25 am | 949-828-6890 | Phone Call |

31. Following Plaintiff's first request to be added to Defendant's Internal Do-Not-Call List, she received eighteen (18) phone calls and text messages attempting to solicit Plaintiff's business.

32. On September 25, 2023, Plaintiff again informed Defendant of her request to be added to Defendant's Internal Do-Not-Call List. Following that request, Plaintiff received thirteen (13) phone calls and text messages attempting to solicit Plaintiff's business.

33. On September 27, 2023, Plaintiff explicitly and unambiguously requested to be added to Defendant's Internal Do-Not-Call List for the third time by text message.



34. Following Plaintiff's September 27, 2023, request to be added to Defendant's Internal Do-Not-Call List, Plaintiff received eight (8) phone calls and text messages from Defendant attempting to solicit her business.

35. Defendant, or someone acting on its behalf, violated Plaintiff's privacy by making each of the above referenced unwanted telemarketing text messages, and they constitute a nuisance as they are annoying and harassing. Plaintiff explicitly told Defendant that she did not want to be contacted in any way by Defendant.

36. Plaintiff's first request to stop calling her should have triggered Defendant's obligation under 47 C.F.R. § 64.1200(d) to put her phone number on Defendant's Internal Do-Not-Call List, both under the relevant regulation and under their own internal privacy policies. Defendant, however, failed to take this action and/or failed to enforce its Internal Do-Not-Call List policies. Defendant, therefore,

illegally and knowingly continued to contact Plaintiff after she requested the phone calls and text messages stop.

## CLASS ALLEGATIONS

**Internal Do-Not-Call List Class**

37. Plaintiff brings Count I of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

> All natural persons in the United States who, from October 13, 2019, to the commencement of this litigation, who received more than one telephone solicitation (either phone call or text message) from Defendant after registering their telephone number with Defendant's Do-Not-Call List.

38. Excluded from this class definition are: (i) Defendant and its employees, officers, directors, affiliates, parents, subsidiaries; (ii) any counsel appearing in this action or related action; and (iii) the Judge presiding over this action and their Court staff.

39. Each of the persons identified in this Internal Do-Not-Call List has been harmed by the acts of Defendant because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and/or they were charged for incoming calls and/or text messages.

40. Plaintiff reserves the right to modify this class definition as she obtains relevant information, including telemarketing communication records, through discovery.

**The Action Meets the Requirements to be Certified as a Class**

41. Plaintiff is a member of the Proposed Class.

42. The Proposed Class can be identified through telephone communication records and databases used in transmitting the telemarketing calls or text messages.

43. Numerosity. The number of Proposed Class Members is believed to be in the hundreds or thousands, rendering the classes so numerous that individual joinder of all Class Members is impracticable.

44. Commonality. There are questions of law and fact common to Plaintiff and to the proposed classes, including, but not limited to, the following:

   a. Did Defendant place, or have they placed, telemarketing calls or text messages to Plaintiff and the Proposed Class Members?

   b. Whether Defendant' conduct violated 47 C.F.R. § 64.1200(d)(3) (the Internal Do-Not-Call List)?

   c. Whether Defendant willfully or knowingly violated 47 C.F.R. § 64.1200(d)(3) (the Internal Do-Not-Call List)?

45. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Proposed Class's Members'. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same cause of action and upon the same facts as the other Members of the Proposed Class.

46. <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Proposed Class because her interests coincide with, and are not antagonistic to, the interests of the Members of the Proposed Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the interests of Members of the Proposed Class.

47. <u>Superiority.</u> Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Members of the Proposed Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Liability will be determined based on a common set of facts and legal theories. Willfulness will be determined based on Defendant's conduct and knowledge, not upon the effect of Defendant's conduct on the Proposed Class Members.

48. The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Members of the Proposed Class to individually redress effectively the wrongs done to them, as the TCPA has no attorney's fee shifting provision. Even if the Members of the Proposed Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation

presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

49.     Class certification is appropriate because Defendant has acted on grounds generally applicable to the Proposed Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Proposed Class Members. Fed. R. Civ. P. 23(b)(2).

50.     <u>Injunctive and Declaratory Relief Appropriate.</u> Defendant has acted on grounds generally applicable to the Proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Proposed Class appropriate on a class wide basis. Moreover, on information and belief, and based on her experience, Plaintiff alleges that the calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

# CAUSE OF ACTION

## COUNT I
### Violation of 47 C.F.R. § 64.1200(D)(3)
### Failure to Honor Internal Do-Not-Call List Requests

51. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

52. Plaintiff and the Internal Do-Not-Call List Proposed Class each asked Defendant to stop making telemarketing calls to them.

53. In violation of 47 C.F.R. § 64.1200(d)(3), Defendant continued to make telemarketing calls to Plaintiff and the Internal Do-Not-Call List Proposed Class after they were listed on Defendant' Internal Do-Not-Call List.

54. Plaintiff and the Internal Do-Not-Call List Proposed Class received more than one (1) such call in a twelve (12) month period.

55. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and each Internal Do-Not-Call List Proposed Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each Internal Do-Not-Call List Proposed Class Member.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and as a representative of all other persons similarly situated, prays for judgment against Defendant, awarding relief as follows:

a. Certifying the Internal Do-Not-Call List Proposed Class under Fed. R. Civ. P. 23 and appointing Plaintiff and her counsel to represent the Internal Do-Not-Call List Proposed Class;

b. Statutory damages as provided for under 47 U.S.C. § 227(c)(5), trebled as may be appropriate;

c. A permanent injunction restraining Defendant from making, or having made on their behalf, any additional telemarking or solicitation calls and text messages to residential and/or cellular lines that are on the Internal Do-Not-Call List without first obtaining the prior express written consent of the called or texted party;

d. Pre-judgment interest from the date of filing this suit;

e. A reasonable attorney's fee to be paid out of any common fund created by virtue of this litigation;

f. All costs of this proceeding; and

g. All general, special, and equitable relief to which Plaintiff and the respective Members of the Proposed Internal Do-Not-Call List Class are entitled to by law.

## DEMAND FOR JURY TRIAL

Plaintiff Trinity Car, individually and on behalf of the Proposed Class, hereby demands a jury trial by the maximum number of persons permitted by law on all issues herein triable to a jury.

Respectfully submitted,

Dated: October 13, 2023

*/s/Bryan L. Bleichner*
Bryan L. Bleichner (CAL BAR # 220340)
Philip J. Krzeski (*Pro Hac Vice* forthcoming)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
*bbleichner@chesnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

Kevin M. Cox (*Pro Hac Vice* forthcoming)
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
*kcox@thelyonfirm.com*